**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ROBERT I. TOUSSIE,

                Plaintiff,

     -against-

WILLIAMS & CONNOLLY, LLP,
JOSEPH G. PETROSINELLI,
DAVID A. FORKNER,
JONATHAN E. PAHL,
LUPKIN & ASSOCIATES, PLLC,
JONATHAN D. LUPKIN, and
REBECCA C. SMITHWICK,

                Defendants.

No.

Formerly Index No. 512570/2020,
Supreme Court of the State of New
York, Kings County.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Williams & Connolly, LLP

("**Williams & Connolly**"), hereby gives notice of removal of this action, captioned *Robert I.*

*Toussie v. Williams & Connolly, LLP et al.*, bearing Index No. 512570/2020, from the Supreme

Court of the State of New York for County of Kings, New York, to the United States District

Court for the Eastern District of New York.  Pursuant to 28 U.S.C. § 1446(a) and Rule 81.1 of

the Local Rules of the United States District Court for the Eastern District of New York,

Williams & Connolly provides the following statement of the grounds for removal:

## INTRODUCTION

1.      Plaintiff Robert I. Toussie ("**Plaintiff**") filed a summons with notice on July 16,

2020 (the **"Summons with Notice"**) (attached hereto as Exhibit A), in the Supreme Court of the

State of New York for Kings County, naming Williams & Connolly, Joseph G. Petrosinelli,

David A. Forkner, Jonathan E. Pahl, Lupkin & Associates, PLLC ("**Lupkin PLLC**"),[1] Jonathan

D. Lupkin, and Rebecca C. Smithwick as defendants (the **"Defendants"**).

2.      Plaintiff filed a complaint on September 29, 2020 (the **"Complaint"**) (attached

hereto as Exhibit B) alleging legal malpractice by Defendants.

3.      On November 8, 2020, Defendant Williams & Connolly first received the

Summons with Notice and Complaint.  Plaintiff attempted service of the Summons with Notice

and Complaint on Williams & Connolly on November 9, 2020.

4.      Plaintiff has filed an affidavit of service stating that on November 9, 2020,

Plaintiff attempted service of the Summons with Notice and Complaint on Defendant David A.

Forkner.

5.      Plaintiff has filed an affidavit of service stating that on November 9, 2020,

Plaintiff attempted service of the Summons with Notice and Complaint on Defendant Jonathan

E. Pahl.

6.      On November 17, 2020, Plaintiff attempted service of the Summons with Notice

and Complaint on Defendant Joseph G. Petrosinelli.

7.      On November 17, 2020, Plaintiff again attempted service of the Summons with

Notice and Complaint on Defendant David A. Forkner.

8.      On November 12, 2020, Plaintiff attempted service of the Summons with Notice

and Complaint on Defendant Lupkin PLLC.

9.      On November 12, 2020, Plaintiff attempted service of the Summons with Notice

and Complaint on Defendant Jonathan D. Lupkin.

---

[1]      Lupkin & Associates, PLLC changed its name to Lupkin PLLC in November 2017.

10.     On November 6, 2020, Plaintiff attempted service of the Summons with Notice and Complaint on Defendant Rebecca C. Smithwick.

## VENUE AND JURISDICTION

11.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 104, 1391, 1441(a), and 1446(a) because the Supreme Court of New York for Kings County, where Plaintiff filed this action, is a state court within the district and division of United States District Court for the Eastern District of New York.

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (i) there is complete diversity of citizenship between Plaintiff and Defendants, (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (iii) all other requirements for removal have been satisfied.

### I.     There Is Complete Diversity between Plaintiff and Defendants

13.     There is complete diversity of citizenship here because (i) Plaintiff alleges he is a resident of New York (*see* Ex. B ¶ 6); (ii) upon information and belief, Plaintiff is citizen of New York and not a citizen of any state in which a defendant is a citizen; and (iii) Defendants Williams & Connolly, Joseph G. Petrosinelli, David A. Forkner, Jonathan E. Pahl, Lupkin PLLC, Jonathan Lupkin, and Rebecca C. Smithwick (collectively, **"Defendants"**) are citizens of states other than New York.

14.     Plaintiff alleges he is a resident of New York.  *See* Ex. B ¶ 6.  Upon information and belief, Plaintiff is domiciled in and a citizen of the State of New York for purposes of 28 U.S.C. § 1332.

15.     For purposes of diversity jurisdiction, a limited liability partnership is a citizen of every state in which its partners are citizens.  *See Zappin v. Supple*, 2020 U.S. Dist. LEXIS

132287, *2 (S.D.N.Y. July 24, 2020) ("For the purposes of diversity jurisdiction, a limited liability partnership takes the citizenship of each of its partners"); *RD Legal Funding, LLC v. Erwin & Balingit, LLP*, Civil No. 08cv597-L(RBB), 2008 U.S. Dist. LEXIS 28278, at *3, 2008 WL 927570, at *1 (S.D. Cal. Apr. 4, 2008) ("[T]he citizenship of a limited liability company or a limited liability partnership is determined by examining the citizenship of each of its members or partners.") (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990)); *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016).

16.     Defendant Williams & Connolly is a limited liability partnership, formed under the laws of the District of Columbia, all of whose partners are citizens of a state or states other than the State of New York for purposes of 28 U.S.C. § 1332.  Fifty-one Williams & Connolly partners' residence and domicile is the District of Columbia, and they are citizens of the District of Columbia for purposes of 28 U.S.C. § 1332.   Thirty-three Williams & Connolly partners' residence and domicile is the Commonwealth of Virginia, and they are citizens of the Commonwealth of Virginia for purposes of 28 U.S.C. § 1332.  Twenty-seven Williams & Connolly partners' residence and domicile is the State of Maryland, and they are citizens of the State of Maryland for purposes of 28 U.S.C. § 1332.  One Williams & Connolly partner's residence and domicile is the State of California, and he is a citizen of the State of California for purposes of 28 U.S.C. § 1332.

17.     Defendant Joseph G. Petrosinelli's residence and domicile is the Commonwealth of Virginia, and he is a citizen of the Commonwealth of Virginia for purposes of 28 U.S.C. § 1332.

18.     Defendant David A. Forkner's residence and domicile is the Commonwealth of Virginia, and he is a citizen of the Commonwealth of Virginia for purposes of 28 U.S.C. § 1332.

19.     Defendant Jonathan E. Pahl's residence and domicile is the Commonwealth of Virginia, and he is a citizen of the Commonwealth of Virginia for purposes of 28 U.S.C. § 1332.

20.     For purposes of diversity jurisdiction, a limited liability company is a citizen of every state in which its members are citizens. *Finley v. 50 Star Logistics LLC*, 2020 U.S. Dist. LEXIS 222239, *2 (E.D.N.Y. Nov. 29, 2020) ("the citizenship of a limited liability company is determined by the citizenship of each of its individual members"); *see also Handelsman v. Bedford Village Associates Limited Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000).

21.     Defendant Lupkin PLLC is a professional limited liability company formed under the laws of New York, with one member resident in, domiciled in, and a citizen of the State of New Jersey, and one member resident in, domiciled in, and a citizen of the Commonwealth of Massachusetts.

22.     Defendant Jonathan Lupkin's residence and domicile is New Jersey, and he is a citizen of the State of New Jersey for purposes of 28 U.S.C. § 1332.

23.     Defendant Rebecca C. Smithwick's residence and domicile is California, and she is a citizen of the State of California for purposes of 28 U.S.C. § 1332.

**II.     The Amount in Controversy Exceeds $75,000**

24.     Removal is authorized if, *inter alia*, the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  Plaintiff alleges that he suffered damages in the amount of $7,857,642.50. Ex. B (Compl.)  ¶ 109; *id.* Prayer for Relief ¶ (a). Accordingly, the amount-in-controversy exceeds $75,000 and this Court has jurisdiction under 28 U.S.C. 1332(a).

### III.   **All Other Removal Requirements Have Been Met**

25.     For purposes of removal based on diversity jurisdiction under 28 U.S.C.
§ 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined
and served must consent to removal.  All Defendants here—whether properly joined and served
or not—have consented to removal.

26.     This Notice of Removal is timely filed.  Defendant Williams & Connolly first
received the Summons with Notice and Complaint on November 8, 2020, and this Notice of
Removal is being filed on December 5, 2020.  *See* 28 U.S.C. § 1446(b).

27.     Pursuant to 28 U.S.C. § 1446(a), a copy of the "process, pleadings and orders"
Plaintiff attempted to serve upon Defendant Williams & Connolly are attached hereto.  *See* Ex. A
(Summons with Notice) and Ex. B (Complaint).

28.     Pursuant to 28 U.S.C. 1446(d), written notice will be provided to Plaintiff
promptly after filing, and a copy of this Notice will be filed with the clerk of the State Court of
New York for Kings County.

29.     By filing this Notice of Removal, neither Defendant Williams & Connolly nor
any other Defendant waives any defense that may be available to him, her or it, and Defendants
reserve all such defenses.  If any question arises as to the propriety of removal to this Court,
Williams & Connolly requests that it and the remaining Defendants be afforded the opportunity
to present briefing and oral argument in support of the position that this action has been properly
removed.

## CONCLUSION

Wherefore, Defendant Williams & Connolly hereby removes this action from the

Supreme Court of New York, Kings County, to the United States District Court for the Eastern

District of New York.


Dated: New York, New York

December 5, 2020


JOSEPH HAGE AARONSON LLC

_____ */s/ Gregory P. Joseph* _____

Gregory P. Joseph (GJ-4208)
Pamela Jarvis (PJ-9058)
485 Lexington Avenue, 30th Floor
New York, NY 10017
Tel.: (212) 407-1200

*Counsel for Defendants Williams &*
*Connolly, LLP, Joseph G. Petrosinelli,*
*David A. Forkner, and Jonathan E. Pahl*

7

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2020, the foregoing document was electronically filed via CM/ECF, to be served by the Court's electronic notification system upon all attorneys of record.  Written notice is being sent by email to the parties below at the time of filing on Saturday, December 5, 2020, and via FedEx Overnight on Monday, December 7, 2020.

Frederick P. Stern, Esq.
Scheyer & Stern LLC
110 Lake Avenue So., Suite 46
Nesconset, NY 11767
ScheyerStern@gmail.com

*Counsel for Plaintiff Robert I. Toussie*

Brett A. Scher
Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
bscher@kdvlaw.com

*Counsel for Defendants Lupkin &*
*Associates, PLLC, Jonathan D. Lupkin,*
*and Rebecca C. Smithwick*

*/s/ Gregory P. Joseph*

Gregory P. Joseph