**Law Office of Daniel L. Abrams**

1250 Broadway
36th Floor
New York, NY 10001

July 5, 2023

Hon. Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Toussie v. Williams & Connolly, LLP et al.*, **No. 1:20-cv-05921-DG-TAM (E.D.N.Y.): Plaintiff's Status Report**

Dear Judge Merkl:

I write on behalf of Plaintiff Robert Toussie ("Toussie") to provide a Status Report as the Court invited in its June 27, 2023 Order. If the Lupkin Defendants' pending Motion to Dismiss will be treated as a motion for summary judgment, Toussie would like to submit additional materials and a supplemental brief to the Court. Moreover, Toussie respectfully requests a similar opportunity to supplement with respect to the Summary Judgment Motion of the Williams & Connolly Defendants.

The parties collectively took eight depositions in April and May of 2023. Toussie would like to supplement the summary judgment record with respect to all Defendants with six of these transcripts: each of the four individual Defendants, Toussie, and Toussie's brother, Michael Toussie, who was also a client of the Defendants. Toussie also would like to introduce certain exhibits from the six depositions, and a Declaration from Professor Ronald J. Colombo of Hofstra Law School. Professor Colombo carefully considered these transcripts alongside other salient evidence and concluded in an Expert Report Defendants received on June 27, 2023, that the Defendants failed to exercise the ordinary and reasonable skill and knowledge commonly exercised by a member of the legal community with respect to their representation of Toussie. Much of the evidence relied on by Professor Colombo is in the deposition transcripts; all of which did not exist at the time the Defendants made their pending dispositive motions. Additional evidence Toussie wishes to supplement the record with include documents which tend to show Defendants knew or should have known that Toussie's judgment was almost certainly going to be uncollectible, and documents tending to show that Defendants did not render accurate or complete advice to Toussie or his brother.

What emerges from the factual record developed in April and May of 2023 is an attorney-client relationship which Defendants acknowledge was troubled from even before the beginning of the instant representation. Prior to the representation, Williams & Connolly Partner Joe Petrosinelli testified that he only agreed to represent the Toussie brothers in the underlying representation if Toussie's son acted as an intermediary because Petrosinelli found Toussie to be "irrational at times" and "abusive at times". Petrosinelli testified that his view of Toussie had been informed by prior representations. The unusual condition to representing the Toussie brothers through a non-client intermediary was not part of the retainer agreement nor disclosed to either of the Toussie brothers. Nor did Petrosinelli or any of the other Defendants disclose to the Toussie brothers any concerns about Toussie's past behavior. Defendants' reluctance to candidly communicate directly with Toussie was therefore a purported, unilaterally imposed condition to the representation, according to Petrosinelli's own testimony.

This reluctance to communicate predominated the representation. Defendants ignored repeated signs of confusion by the Toussies related to their rights as putative judgment creditors, as well as opportunities to

LAW OFFICE OF
Daniel L. Abrams

1250 Broadway
36th Floor
New York, NY 10001

explain to Toussie and his brother the stark reality they were facing as unsecured judgment creditors if they did not reach a negotiated settlement. Legal bills and testimonial evidence show that there were very few substantive phone calls from any of the Defendants with either Toussie or his brother concerning the benefits of settling versus pursuing a judgment. Defendants had no face-to-face meetings with Toussie on the issue. What happened in the few phone calls which did occur is the subject of sharp and material factual dispute. The written advice was misleading, tentative, boilerplate, and at best, materially incomplete. Among other things, in the one e-mail where the Defendants purported to provide comprehensive settlement advice, Defendants characterized collectability as a "race" in which the Toussies would have an opportunity to seize assets, and failed to explain to the Toussies the near certainty that they would not be able to collect a judgment in light of the more than $80 million in secured debt that was in front of the Toussies. Unfortunately for Toussie, he was an unsecured creditor of a debtor to whom all known assets were subject to the liens of others.

      Toussie requests an opportunity to supplement the summary judgment record for both pending dispositive motions alongside a supplemental brief. If Defendants do not intend to supplement the record, Toussie requests an opportunity to supplement on or before July 28, 2023. Alternatively, if the Defendants intend to supplement the record, Defendants as the movants with the burden on a summary judgment motion should supplement first, and the Court should set a date for the Defendants to supplement while giving Toussie a reasonable opportunity to respond to Defendants' submission(s) with supplements of his own.

      We look forward to discussing the schedule as well as the merits of both pending dispositive motions at Friday's Argument.

      Respectfully submitted,

*Daniel Abrams*
Daniel L. Abrams