

**Kaufman Dolowich & Voluck, LLP**
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Telephone: 516.681.1100
Facsimile: 516.681.1101
www.kdvlaw.com

**Brett A. Scher, Esq.**
Email: bscher@kdvlaw.com

July 5, 2023

**VIA ECF**
Hon. Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Toussie v. Williams & Connolly, LLP, et al.
     Case No. 1:20-cv-5921 (DG) (TAM)

Dear Judge Merkl:

  Our firm represents defendants, Lupkin PLLC i/s/h/a Lupkin & Associates, PLLC and Jonathan D. Lupkin (collectively, "Lupkin Defendants"), with respect to the above-captioned matter. Pursuant to the Order of this Court dated June 27, 2023 and Plaintiff's Status Report filed at 6:10pm tonight, we write in opposition to Plaintiff's request to supplement the record with respect to the Lupkin Defendants' motion to dismiss the Second Amended Complaint ("SAC") which has been fully briefed since March 2022 for the reasons set forth below.

  First, the Lupkin Defendants do not believe that converting their motion to dismiss for summary judgment is necessary for the Court to dismiss this case. This applies especially to some of the legal arguments that the Court noted that the parties should be ready to discuss at Friday's scheduled hearing:

- "what evidence demonstrates that there were "concrete settlement offer[s]," *Oppenheim & Co., P.C. v. Bernstein*, 604 N.Y.S.2d 62, 63 (N.Y. App. Div. 2d Dep't 1993)
- "but for" causation related to Plaintiff's claims, *see Joseph DelGreco & Co. v. DLA Piper L.L.P. (U.S.)*, 899 F. Supp. 2d 268, 282 (S.D.N.Y. 2012) (discussing "but for" causation); *Lindenman v. Kreitzer*, 775 N.Y.S.2d 4, 8 (N.Y. App. Div. 1st Dep't 2004) ("The plaintiff must prove first the hypothetical outcome of the underlying litigation and, then, the attorney's liability for malpractice in connection with that litigation."); and
- whether Plaintiff has alleged "actual and ascertainable" damages caused by the alleged malpractice, *see Rubens v. Mason*, 527 F.3d 252, 254-55 (2d Cir. 2008); *see also Oppenheim & Co.*, 604 N.Y.S.2d at 63 (finding malpractice claim unsustainable where damages were "too speculative to be recoverable").

  Plaintiff's Status Report does not identify any specific documents that it intends to submit to the Court other than *all of the deposition transcripts* and the expert report of a Professor Ronald J.

Columbo, which amongst other things opines that: (a) the defendants should have known from Robert Toussie's homophobic rants in emails and cantankerous demeanor in the afternoon hours, that he was of diminished mental capacity; (b) since Williams & Connolly attorney, Joseph Petrosinelli, donated to President Joseph Biden's campaign in the last election, he could not properly serve Robert Toussie, an ardent Donald Trump supporter; and (c) all of the defendants were negligent for failing to beat Mr. Toussie into submission and literally **force** him to settle his case.

There is no evidence to respond to the Lupkin Defendants' arguments on whether there was a deviation from the standard of care – otherwise Plaintiff would have identified that evidence specifically. There is, however, mounds of evidence that conclusively rebukes Plaintiff's claims. Moreover, nothing Plaintiff purports to introduce, even generally, deal with the issue of whether the SAC successfully pleads whether Plaintiff had "concrete settlement offers" or "actual and ascertainable damages." Thus, additional submissions are not necessary to decide the Lupkin Defendants' motion to dismiss.

Second, allowing Plaintiff to supplement the record with respect to the Lupkin Defendants' motion to dismiss **now** with an expert affidavit would be wholly prejudicial to the Lupkin Defendants. While Plaintiff elected to submit an expert affidavit in opposition to the motion for summary judgment filed by the Williams & Connolly Defendants (which was fully briefed in July 2022), Plaintiff did not submit one in opposition to the Lupkin Defendants' motion. Plaintiff should not be permitted to essentially file supplemental briefing a year after the Lupkin Defendants' motion to dismiss was fully briefed.

To the extent that the Court determines that additional submissions from Plaintiff and the Lupkin Defendants are needed to determine the Lupkin Defendants' motion to dismiss, we would respectfully request that the Court permit discovery to be completed before the submission of supplemental evidence is allowed. As the Court is aware, expert discovery is currently ongoing and is expected to be completed by August 17, 2023. The Lupkin Defendants are just now working with their rebuttal expert to respond to Plaintiff's expert's opinion that the defendants, collectively, deviated from the standard of care.

As such, if the Court is going to accept supplemental submissions, the Lupkin Defendants would request that the Court defer argument/deny the motion to dismiss without prejudice to renew in a fully briefed summary judgment motion by the Lupkin Defendants pursuant to Fed. R. Civ. P. 56 (with a Statement of Undisputed Material Facts, supporting factual and expert testimony, evidence, and a memorandum of law), after the close of expert discovery. The current deadline to initiate summary judgment motions is September 18, 2023.

Respectfully submitted,

_____
Brett A. Scher

cc: All counsel (via ECF)

4885-9819-4030, v. 1